Ruffin, C. J.
 

 Under the Act of
 
 1794,
 
 a
 
 venditioni ex-ponas
 
 was the only execution, that could be issued from the County Court upon a levy of a justice’s execution on land ; and that could only be had by the special order of the Court. If satisfaction was not obtained by the sale of the land, the plaintiff was obliged to proceed again before the justice of the peace. That was often a serious inconvenience, and to remedy it, the Act of 1822 was passed to require the Court, on the application of the plaintiff, to enter a judgment there for the debt and costs. It is then added, that, “if by the sale of the land levied on, a sufficient sum shall not be produced to satisfy the judgment, the plaintiff may sue out execution from the Court for the residue in the same way as if the judgment had been originally rendered by the Court.” The opinion held in the Superior Court was, that, since that Act, in addition to a judgment for the debt and costs, there must still be a special order of sale to entitle the plaintiff to a
 
 venditioni exponas.
 
 This Court entertains an opinion to the contrary. No doubt the creditor may still limit his motion to an order of sale ; and, if so, he can have nothing but the
 
 venditioni exponas.
 
 But if he take judgment in Court for his debt and costs, then,
 
 ex vi termini,
 
 he may have any execution, which under like circumstance he would be entitled to upon any judgment in Court, unless the Act restrains him in some respect; which, we think, is clearly not the case. What, then, is the state of such a case
 
 1
 
 It is, that the plaintiff has a general judgment for his debt, with a lien on the land levied on for its sat-.
 
 *155
 
 isfaction. The Legislature did not mean to discharge the lien by reason that the creditor took a general judgment instead of an order of
 
 sale;
 
 and it was, no doubt, to show that such was not the meaning,-that the words were added, respecting the sale of the land levied on. It is precisely like the case of a judgment in original attachment; upon which the words of the Act of 1777 are, that “if the judgment shall not be satified by the goods attached, the plaintiff may have execution for the residue and it has always been held that upon such a judgment the plaintiff might either have a
 
 venditioni exponas
 
 or a
 
 fieri facias,
 
 though if he take the latter writ the property attached is discharged.
 
 Amyett
 
 v.
 
 Backhouse,
 
 3 Mur. 63. It was to prevent that inference from the judgment’s being general in the County Court, that the particular provision was inserted in the Act of 1822, which has been quoted. But, without such special words, the just construction of the Act would have led to the same result. For, the Act is remedial and therefore is to be favourably interpreted ; and why should not the creditor be entitled upon such a judgment to any execution, which he would be entitled to upon any other judgment, when there is a lien on particular property ? The record shews the debt, and the levy on the land, just as they appear when the levy is returned by the sheriff on a
 
 fieri facias;
 
 and therefore a
 
 venditioni exponas
 
 may be sued by the party, according
 
 to
 
 the course of the Court, without any special award of it in the one case as well as in the other. Indeed, the case is exactly that of a judgment in attachment. In
 
 Burke
 
 v.
 
 Elliot,
 
 4 Ire. 355, the judgment and execution were like those now before us, and the Court said, that, upon a judgment rendered in the County Court for the debt, the creditor, at his election, could have execution against the land levied on, or against the person, or property generally, of the debtor. In
 
 Borden
 
 v.
 
 Smith,
 
 3 Dev. & Bat. 34, it was held, that a
 
 venditioni exponas
 
 might issue up
 
 *156
 
 on such a judgment. It is mentioned further in that case, as if there were some uncertainty about it, that a
 
 fieri facias
 
 clause might be inserted in the
 
 venditioni exponas.
 
 Why any hesitation should have been felt on that point • we are now at some loss to say ; for a special
 
 fieri facias
 
 may be added to a
 
 venditioni exponas,
 
 whenever a
 
 fieri facias
 
 itself may be sued out. That upon the judgment in the County Court the plaintiff may immediately have a
 
 venditioni exponas,
 
 seems necessarily to result alike from the nature of the case and the particular terms of the Act of 1822.
 

 Per Curiam. Judgment reversed and
 
 venire de novo.